**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMPARTS, INC., a Nevada corporation, DBA Luxor Hotel and Casino, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FIREMAN'S FUND INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY, <br><br> Defendants - Appellees. | No. 11-16610 <br><br> D.C. No. 2:09-cv-00371-RLH-LRL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted February 12, 2013
San Francisco, California

Before: D.W. NELSON, REINHARDT, and M. SMITH, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellant Ramparts, Inc., d/b/a Luxor Hotel and Casino (Luxor), appeals a number of rulings made by the district court before, during, and after a jury trial. We affirm.

Luxor sued Fireman's Fund Insurance Co. and the American Insurance Co. (collectively, AIC) for coverage under an insurance policy held by one of Luxor's tenants, Heptagon Holdings, LLC (Heptagon), following structural damage to Luxor's premises at a nightclub operated by Heptagon. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

Luxor waived its challenge to the district court's order reducing its recovery under the policy to $50,000. The district court stated in its order on summary judgment that Luxor's insurance coverage under the applicable policy provision was limited. The court later explained before trial that it would reduce any jury award that exceeded that limitation to $50,000. Luxor did not object. Because Luxor raises this challenge for the first time on appeal and did not make such a challenge to the district court, we deem it waived. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

The district court did not err in holding that Luxor was not entitled to coverage as an additional insured under the policy for the costs it incurred in repairing its own premises. The Notice of Violation requiring Luxor to bring its

premises into compliance with the Clark County Building Administration Code did not give rise to coverage under the policy.

The district court's conclusion that the "$10,000 is sufficient both to compensate Luxor for the damages it sustained for this claim and to discourage American Insurance's violation of the [Nevada Unfair Claims Practices] Act" was not clearly erroneous. "[T]he plaintiff bears the burden of proving his case, including the amount of damages." *Faria v. M/V Louise V*, 945 F.2d 1142, 1143 (9th Cir. 1991). Though Luxor requested the entirety of its attorneys' fees, it did not show that they were all incurred as result of Luxor's violation of the statute.

The district court did not err in granting AIC's request for judgment as a matter of law on Luxor's claims for punitive damages. Under Nevada law, punitive damages may be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied . . . ." Nev. Rev. Stat. § 42.005(1). Because Luxor did not adduce evidence supporting such a finding, the district court did not err in granting judgment as a matter of law with respect to punitive damages. *See Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002).

The district court did not err in dismissing Luxor's breach of contract and bad faith claims on summary judgment because AIC was not an additional insured

under Heptagon's insurance policy for purposes of claims for which it sought coverage.

Finally, the district court's denial of Luxor's motion for sanctions under Federal Rule of Civil Procedure 37(c) was not an abuse of discretion. Each alleged failure to admit a particular fact fell within one of the exceptions listed in that Rule.

**AFFIRMED.**